Filed 5/15/25  Haas v. Littleton CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

|  |  |
|---|---|
| LOGAN HAAS, as Successor in Interest to Elliot Haas, Deceased,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BRITTANY LITTLETON,<br><br>Defendant and Appellant. | B338015<br><br>(Los Angeles County Super. Ct. No. 20STCV20469) |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph M. Lipner, Judge.  Affirmed.

Pease Law and Bryan Pease for Defendant and Appellant.

Housing Equality & Advocacy Resource Team and Dianne Prado for Plaintiff and Respondent.

———————————

## INTRODUCTION

This is the second appeal arising from the trial court's denial of a special motion to strike under Code of Civil Procedure section 425.16 brought by Brittany Littleton based on allegations she made certain representations on social media relating to a pet dog taken from Elliott Haas, and that she raised money for her charity based on those representations.[1] Littleton argues Haas's cause of action under the unfair competition law (UCL; Bus. & Prof. Code, § 17200) arose from statements requesting funds for legal defense, which qualifies as protected litigation activity under section 425.16. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *Haas's Complaint, Littleton's First Anti-SLAPP Motion, and Related Appeal*

In 2020, Haas sued Littleton and Littleton's animal rescue organization, Little Love Rescue.[2] His complaint alleged causes of action for trespass to chattels, conversion, receipt of stolen property, violation of the UCL, and intentional infliction of emotional distress. As relevant here, the UCL cause of action alleged that Littleton and Little Love Rescue misrepresented on social media that they rightfully possessed his dog; misrepresented the dog's medical condition; misrepresented their status as a charitable organization; and that fundraising through

---

[1]  Undesignated statutory references are to the Code of Civil Procedure.

[2]  The parties did not include a copy of the original complaint in the appellate record. We summarize the relevant allegations from our previous opinion in this case, *Haas v. Rescue* (June 14, 2022) B308898 (nonpub. opn.).

these misrepresentations "was both a fraudulent business practice and deceptive advertising."

Littleton and Little Love Rescue filed a special motion to strike the complaint under section 425.16.[3]  They argued Haas's complaint involved protected speech activity, including statements made "in connection with an issue under consideration or review by . . . [an] official proceeding authorized by law" and in "a public forum in connection with an issue of public interest."  (§ 425.16, subd. (e).)  The trial court denied the motion, and this court affirmed.  (See *Haas v. Rescue* (June 14, 2022) B308898 [nonpub. opn.].)  In the first appeal, Littleton asserted for the first time at oral argument that "Haas's UCL claim was based, at least in part, on Little Love Rescue's social media request for legal fees."  (*Id.* [2022 Cal. App. Unpub. LEXIS 3713, *23, fn. 7].)  We determined the contention was forfeited.  (See *ibid.*)

B.     *The First Amended Complaint and Littleton's Second Anti-SLAPP Motion*

Haas died while the appeal was pending.  On remand, the trial court permitted Logan Haas, Haas's daughter, to substitute in as plaintiff.[4]  Littleton and Little Love Rescue filed a demurrer, which the trial court sustained with leave to amend as to the UCL cause of action.

---

[3]     The record also does not include this motion, and we include the relevant details from our previous opinion.  (See *Haas v. Rescue, supra,* B308898.)

[4]     For clarity, we refer to Logan Haas by her first name and do not intend any disrespect.

3

Logan filed a first amended complaint, which was substantially similar to the original complaint.[5] As relevant here, the original complaint alleged that in 2020, Haas and his pet pit bull Luna were living in a tent in Echo Park. At the time, Haas had owned Luna for over six years, and Luna was partially paralyzed after suffering a seizure in 2019. In January 2020, two strangers approached his dwelling and placed Luna in their car without Haas's permission. When Haas asked for Luna back, the two individuals said Luna was sick, they wanted to take her to the veterinarian, and they would return Luna afterwards. They then drove away with Luna. Haas reported Luna's taking to the Los Angeles Police Department, who told him the two strangers were friends of Littleton. The complaint further alleged that Littleton's rescue organization, Little Love Rescue, started raising funds on social media to "Save Luna—the Paralyzed Street Dog," claiming Luna was mistreated. When Haas contacted Littleton to request Luna's return, Littleton allegedly asked Haas to pay a $6,000 veterinary bill.

Luna was not returned to Haas and was adopted in March 2020. Luna was cared for until a veterinarian recommended that, because Luna was suffering from untreatable health problems, she should be euthanized.

As to the UCL cause of action, the fourth cause of action, Logan alleged as follows:

> Defendants violated the Business and Professions
> Code § 17200 et seq. by:

---

[5] The amended complaint added injury in fact allegations that are not relevant to our analysis.

a. Unlawfully gaining possession of Mr. Haas's property, Luna.

b. Unlawfully soliciting donations without registering with the IRS as a charitable organization or registering as a charitable trust with the California Attorney General

c. [E]ngaging in unfair business acts and practices by misrepresenting to donors how Luna was acquired, the status of Little Love Rescue as a charitable organization, raising funds under these misrepresentations, and misrepresenting the condition of Luna.

d. And failing to return Luna to gain more funding for the organization and eventually authorizing Luna's euthanasia.

The amended complaint also alleged in a section titled "General Allegations" that "Little Love Rescue . . . made a plea on [social media] for 'legal fees.'"

On December 19, 2023, Littleton filed "a special motion to strike the fourth cause of action in Plaintiff Logan Haas' First Amended Complaint as arising from statements made in connection with a police investigation pursuant to CCP §425.16(e)(2)." Littleton argued that because Haas initiated a police investigation seeking Luna's return, "all of the alleged statements Littleton posted on social media that form the basis for the unfair business practices cause of action were necessarily made 'in connection with an issue'" under consideration by the police investigation. Littleton asserted these protected statements included social media posts requesting donations to

5

Little Love Rescue for veterinary care and to pay for legal representation. In support of her motion to strike, Littleton submitted a declaration and provided additional declarations from Shayla McGhee (one of the individuals who took Luna from Haas), and Alex Angel (who adopted Luna from Little Love Rescue).

The trial court denied Littleton's special motion to strike. The court first ruled that Littleton failed to support her motion with "reasoned argument or legal authority," and thus "Littleton has [forfeited] her argument that the anti-SLAPP statute applies." The court further determined that Littleton did not "explain[ ] how the solicitations on behalf of Luna were made 'in connection with' the substantive issues in the police investigation," because "[t]he communications did not mention or concern the police investigation at all" and "[d]efendants' statements were not directed at persons with some interest in the police investigation, but rather, at the general public."

Littleton timely appealed.

## DISCUSSION

A.  *Governing Law and Standard of Review*

Section 425.16 was enacted "to combat 'a disturbing increase' in strategic lawsuits against public participation (SLAPPs): 'lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" (*Geiser v. Kuhns* (2022) 13 Cal.5th 1238, 1242.) The statute authorizes a defendant to file a special motion to strike and "enables courts, early in litigation, to strike meritless claims in lawsuits when those claims risk chilling

'continued participation in matter of public significance.'"
(*Serova v. Sony Music Entertainment* (2022) 13 Cal.5th 859, 871.)

"Litigation of an anti-SLAPP motion involves a two-step process. First, 'the moving defendant bears the burden of establishing that the challenged allegations or claims "aris[e] from" protected activity in which the defendant has engaged.' [Citation.] Second, for each claim that does arise from protected activity, the plaintiff must show the claim has 'at least "minimal merit."' [Citation.] If the plaintiff cannot make this showing, the court will strike the claim." (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*).)

At step one of the analysis, "the critical point is whether the plaintiff's cause of action itself was *based* on an act in furtherance of the defendant's right of petition or free speech." (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78; accord, *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1062 (*Park*).) "'A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e).'" (*City of Cotati*, at p. 78.) To aid in this determination, "courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability." (*Park*, at p. 1063.) "[A] claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted." (*Id.* at p. 1060.)

Section 425.16, subdivision (e), specifies that protected activity includes "any written or oral statement or writing made in connection with an issue under consideration or review by a

legislative, executive, or judicial body, or any other official proceeding authorized by law." As relevant here, "official proceeding[s] authorized by law" include police investigations into the report of a crime (*Chabak v. Monroy* (2007) 154 Cal.App.4th 1502, 1513; *Siam v. Kizilbash* (2005) 130 Cal.App.4th 1563, 1569-1570), and a civil lawsuit constitutes "an issue under consideration or review by a . . . judicial body" (*Neville v. Chudacoff* (2008) 160 Cal.App.4th 1255, 1261; *Rohde v. Wolf* (2007) 154 Cal.App.4th 28, 35).

Under this subdivision, "protection is not accorded to statements 'having any connection, however remote, with an official proceeding.' [Citation.] Rather, '[t]he statements or writings in question must occur in connection with "an issue under consideration or review" in the proceeding.'" (*Bassi v. Bassi* (2024) 101 Cal.App.5th 1080, 1096; accord, *Paul v. Friedman* (2002) 95 Cal.App.4th 853, 866.) In other words, a statement is "'in connection with'" an issue under review "'if it relates to the substantive issues'" under consideration "'and is directed to persons having some interest'" in the proceeding. (*City of Costa Mesa v. D'Alessio Investments, LLC* (2013) 214 Cal.App.4th 358, 373; accord, *Greco v. Greco* (2016) 2 Cal.App.5th 810, 825.)

We review de novo an order denying a motion to strike under section 425.16. (See *Park, supra*, 2 Cal.5th at p. 1067; *Flatley v. Mauro* (2006) 39 Cal.4th 299, 325.) "We exercise independent judgment in determining whether, based on our own review of the record, the challenged claims arise from protected activity. [Citations.] In addition to the pleadings, we may consider affidavits concerning the facts upon which liability is based. [Citations.] We do not, however, weigh the evidence, but

accept the plaintiff's submissions as true and consider only whether any contrary evidence from the defendant establishes its entitlement to prevail as a matter of law." (*Park*, at p. 1067; accord, *Towner v. City of Ventura* (2021) 63 Cal.App.5th 761, 769.)

B.   *The Trial Court Properly Denied Littleton's Section 425.16 Motion*

Littleton does not argue, as she did before the trial court, that her social media statements were connected to the police investigation into Luna's whereabouts.  Instead, Littleton contends for the first time on appeal that the UCL cause of action "bases liability in part on raising funds for legal defense" and targets litigation-related activity protected by the anti-SLAPP statute.  As stated, the amended complaint contained an allegation that, after Haas's counsel sent Littleton a demand letter for Luna's return, "Little Love Rescue . . . made a plea on [social media] for 'legal fees.'"

As an initial matter, although Logan filed an amended complaint amending the UCL cause of action, this allegation was also contained in the original complaint filed by Haas.  Littleton does not explain how she can challenge that allegation in a second anti-SLAPP motion.[6]  Further, Littleton did not argue in

---

[6]   Logan argues Littleton's anti-SLAPP motion was untimely under section 425.16, subdivision (f), and barred by the law of the case doctrine.  Section 425.16, subdivision (f), however, gives the court discretion to entertain an untimely anti-SLAPP motion. (See *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2018) 4 Cal.5th 637, 645.)  Further, our previous opinion noted the argument was raised for the first time at oral

9

the trial court that her social media statements were protected activity because they were connected to litigation. Even on de novo review, a party is limited to arguments it raised in the trial court. (See *World Financial Group, Inc. v. HBW Ins. & Financial Services, Inc.* (2009) 172 Cal.App.4th 1561, 1569 [grounds for anti-SLAPP motion not raised in the trial court are forfeited]; accord, *Wisner v. Dignity Health* (2022) 85 Cal.App.5th 35, 44.) Littleton's argument is once again forfeited.[7]

Even considering the argument on the merits, Littleton does not establish the UCL cause of action arises from protected litigation activity. To be sure, section 425.16 protects "acts and communications reasonably incident to litigation," including prelitigation activity, such as demand letters or settlement negotiations because such activity is necessarily connected to an official proceeding by a judicial body. (*Bonni, supra,* 11 Cal.5th at pp. 1024-1025 [settlement negotiations]; accord, *Lunada*

---

argument and was forfeited, but it did not otherwise address the argument. (*Haas v. Rescue, supra,* B308898 [2022 Cal. App. Unpub. LEXIS 3713, *23, fn. 7]; *Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 492 [law of the case doctrine "inapplicable" to issues that were "not a ground of the [previous] decision"].)

[7] We reject Littleton's contention that raising the argument in her opening brief is sufficient to preserve the issue, and we note further that Littleton does not argue that any exception to forfeiture applies. (See, e.g., *Fisher v. City of Berkeley* (1984) 37 Cal.3d 644, 654, fn. 3 ["parties may advance new theories on appeal when the issue posed is purely a question of law based on undisputed facts, and involves important questions of public policy"]; see also *Guardianship of Stephen G.* (1995) 40 Cal.App.4th 1418, 1422 [forfeiture does not apply to recently announced rule of law].)

*Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 472 [demand letters].)  And we previously recognized the anti-SLAPP statute protects solicitation of funds for litigation.  (See *Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 821-822, disapproved on another ground in *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5.)

But Littleton does not demonstrate the UCL cause of action "arises from" her request for legal funds.  The UCL prohibits "any unlawful, unfair or fraudulent business act or practice."  (Bus. & Prof. Code, § 17200; accord, *Zhang v. Superior Court* (2013) 57 Cal.4th 364, 370.)  The complaint alleges the UCL cause of action is based on Littleton and Little Love Rescue unlawfully and unfairly fundraising on social media through misrepresentations about their charitable organization status, their rightful possession of Luna, and Luna's medical condition.  The online plea for funds to pay legal expenses does not form the asserted basis for liability.  The complaint did not allege, for instance, that Littleton engaged in unfair or unlawful business practices because she solicited funds to pay for her legal defense.  (See *Blanchard v. DIRECTV, Inc.* (2004) 123 Cal.App.4th 903, 909, 918 [affirming anti-SLAPP dismissal of UCL cause of action where plaintiffs alleged that "the conduct of mailing . . . demand letters was an unfair business practice" and "[t]he entire lawsuit is premised on [defendant's] demand letter, sent in advance of, or to avoid, litigation"]; accord, *Howard Jarvis Taxpayers Assn. v. Powell* (2024) 105 Cal.App.5th 955, 969 [same, where complaint alleged that the preparation of a study for an official proceeding was, itself, "a fraudulent business act"]; *Sugarman v. Brown* (2021) 73 Cal.App.5th 152, 163 [same, where plaintiff alleged

11

audit report defendant made to federal agency was "knowingly false"].)

Although the amended complaint contained an allegation referencing the request for funds to pay legal fees, "a defendant . . . cannot take advantage of the anti-SLAPP statute simply because the complaint contains some references to speech or petitioning activity by the defendant." (*Martinez v. Metabolife International, Inc.* (2003) 113 Cal.App.4th 181, 188; accord, *Trilogy Plumbing, Inc. v. Navigators Specialty Ins. Co.* (2020) 50 Cal.App.5th 920, 933-934.) Instead, the basis of the UCL cause of action was Littleton's alleged misrepresentations during fundraising as to Little Love Rescue's nonprofit status and Luna's ownership and condition. Littleton does not contend on appeal that these alleged misrepresentations constituted protected activity under section 425.16.

## DISPOSITION

The order denying Littleton's section 425.16 motion is affirmed. Logan is entitled to recover costs on appeal.

MARTINEZ, P. J.

We concur:

FEUER, J.                                    PULOS, J.*

---

* Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.